**Manolo Rivera DE ASIS, Petitioner–Appellant,**

v.

**John ASHCROFT \*, Attorney General Respondent–Appellee.**

No. 00–70857.

INS No. AS29–230–001.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 2001 \*\*.

Decided Nov. 9, 2001.

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM \*\*\*

Petitioner Manolo Rivera De Asis ("Petitioner" or "De Asis"), a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals ("BIA") dismissing in part his appeal from the Immigration Judge's ("IJ") decision deny-

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General. Fed R.App. P. 43(c)(2).

\*\* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ing his application for suspension of deportation under INS § 244(a), 8 U.S.C. § 1254. De Asis contends that the BIA erred in 1) denying him a continuance to permit his attorney additional time to prepare; 2) discussing his right to counsel off the record; 3) refusing to consider additional evidence included on appeal; and 4) finding that he did not merit suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") § 309(c), and we deny the petition.

### I

■ The BIA correctly determined that the IJ did not abuse his discretion in denying De Asis a third continuance of his deportation hearing to obtain legal counsel. The IJ had previously granted two continuances, totaling sixteen months, had provided De Asis a list of low-cost and no-cost legal services in his residential area, clearly instructed De Asis as to his legal rights, and at the second hearing (where he granted De Asis almost a year's continuance), explicitly warned De Asis that he had ample time to obtain counsel and that a request for continuance made a week before the hearing would be denied. *See* 8 C.F.R. § 242.16(a); *Acewicz v. INS*, 984 F.2d 1056, 1062–63 (9th Cir.1993). De Asis acted unreasonably in proceeding exactly contrary to the IJ's warnings, particularly in light of the number and length of the prior continuances. *See Baires v. INS*, 856 F.2d 89, 92–93 (9th Cir.1988).

### II

■ De Asis cites no authority that a waiver of the right to counsel must be conducted on the record with transcription to satisfy due process requirements. Even if it had to be, he was instructed on the record as to the "three elements" of self-representation: "(1) the nature of the charges against him; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation" and thereafter De Asis appeared at the rescheduled hearing without counsel. *United States v. Hernandez*, 203 F.3d 614, 623–24 (9th Cir. 2000). We therefore conclude that De Asis's waiver of the right to counsel was knowing and intelligent.

### III

De Asis argues that the BIA violated his due process rights by refusing to consider additional evidence offered on appeal regarding economic conditions in the Philippines. De Asis fails to demonstrate a due process violation because he had made no showing that the BIA did not consider the supplemental evidence, much less a sufficient showing to overcome the presumption that the BIA considered that evidence. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000). Thus we lack jurisdiction over this claim.

### IV

Nor do we have jurisdiction to consider the BIA's or the IJ's discretionary determination that De Asis did not establish "extreme hardship." *Larita–Martinez*, 220 F.3d at 1095–96.

PETITION DENIED.