**Gustavo CASTILLO ANDRADE; Norberto Castillo Cobian; Omar Castillo Cobian, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74742.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Haleh Mansouri, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carolyn Piccotti, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

### MEMORANDUM **

Gustavo Castillo–Andrade and his adult sons Norberto Castillo–Cobian and Omar Castillo–Cobian, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen removal proceedings to permit them to apply for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying reopening because Petitioners failed to establish their prima facie eligibility for cancellation of removal. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall be supported by affidavits or other evidentiary material"); *Ordonez*, 345 F.3d at 785 (holding that prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied); *see also INS v. Wang*, 450 U.S. 139, 143–45, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1980) (per curiam) (upholding BIA's authority to make hard-

ship determinations in context of motions to reopen).

We reject Petitioners' contention that the BIA did not consider the entire administrative record because they offer no basis for rebutting the presumption that the BIA reviewed all relevant evidence. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000). Moreover, Petitioners do not point to any evidence in the record before the BIA that would have made them eligible for cancellation.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

