**Annabella MEDRANO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71654.

Agency No. A71–576–901.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

David B. Landry, Esq., Law Office of David B. Landry, San Diego, CA, for Petitioner.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer A. Parker Fax, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Annabella Medrano, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

■ Medrano testified that guerillas killed her husband and son and attacked her, yet she failed to mention these events in her initial asylum application. Furthermore, Medrano stated in her initial application that guerillas threatened her and interrogated her at her home, yet she failed to mention these events in either her testimony or her subsequent asylum application. The agency properly concluded that these inconsistencies undermined Medrano's credibility. *See id.* (affirming negative credibility finding based, in part, on prior asylum applications containing discrepancies and omitting key events); *see also Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003) ("So long as one of the

identified grounds is supported by substantial evidence and goes to the heart of [petitioner's] claim of persecution, we are bound to accept the [agency's] adverse credibility finding.").

Contrary to Medrano's contention, the record indicates that the agency considered and rejected her explanations for these inconsistencies. *See Wang*, 352 F.3d at 1256–57 (upholding IJ's determination that petitioner's explanation for inconsistency was unlikely). Medrano's contention that the BIA did not consider her assertion that certain information was missing from her initial asylum application because she was represented by a notario is not supported by the record. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000) (holding that absent evidence to the contrary, the BIA is presumed to have considered all the evidence).

■ The BIA's decision to vacate the IJ's determination that Medrano's application was frivolous does not demonstrate that the IJ's attitude so compromised his ability to act as a neutral fact-finder that he deprived Medrano of due process. *Cf. Reyes–Melendez v. INS*, 342 F.3d 1001, 1004–09 (9th Cir.2003) (finding a due process violation where "[t]he record indisputably demonstrate[d] that the IJ was hostile towards [the petitioner] and judged his behavior as being morally bankrupt").

In the absence of credible testimony, Medrano failed to demonstrate eligibility for asylum, withholding of removal and CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.