Chaban RACHDI, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70019.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2008.*

Filed Nov. 17, 2008.

Carmen M. Chavez, Esquire, Casa Cornelia Law Center, San Diego, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAS–District Counsel, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, John C. Cunningham, Esq., Luis E. Perez, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Julian S. Greenspun, U.S. Department of Justice Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: CALLAHAN and IKUTA, Circuit Judges, and SHUBB,** Senior District Judge.

MEMORANDUM ***

■ Substantial evidence supports the determination by the Board of Immigration Appeals (BIA) that Rachdi did not meet his burden of proving it is more likely than not that he will be tortured if removed to Algeria. *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). First, the BIA concluded that the evidence in the record does not support Rachdi's claim that he will be viewed as a traitor and will be captured at the airport by the military and tortured upon his return to Algeria for having applied for withholding of removal in the United States and for failing to rejoin the military. This conclusion is supported by the record. Although there is evidence in the record that suspected terrorists have been tortured, Rachdi provided no evidence that he would be suspected of being a terrorist if he returned or that persons who applied for withholding of removal in the United States or who avoided reenlistment in the past are tortured.

■ Second, substantial evidence also supports the BIA's determination that Rachdi failed to carry his burden of showing it is more likely than not that Rachdi would be tortured should he be pressed into military service. Although the Country Report indicates that the Algerian military uses torture against suspected terrorists and armed terrorist groups, neither the Country Report nor other evidence in the record establishes that the military uses torture against its own troops. The record supports the BIA's holding that Rachdi's past military training did not constitute torture because it was not for a proscribed purpose such as "obtaining information of a confession, punishment, intimidation, coercion, or for any reason based on discrimination of any kind." *Nuru v. Gonzales,* 404 F.3d 1207, 1220 (9th Cir.2005) (italics and internal quotation marks removed). Moreover, Rachdi testified that the mistreatment he endured in the military ended after he reported the incidents to his superiors. Therefore, the BIA's determination that Rachdi's past military experience does not establish that it is more likely than not that he will be tortured upon his return to Algeria is supported by substantial evidence.

Finally, the BIA rejected Rachdi's claim that the military would force him to kill civilians or be killed himself. The BIA's conclusion is supported by substantial evidence. Neither the Country Report nor other evidence in the record supports Rachdi's claim that members of the military are forced to kill civilians or face being killed themselves.

Rachdi failed to overcome the presumption that the BIA reviewed all relevant

---

** The Honorable William B. Shubb, Senior United States District Judge for the Eastern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence in the file. *Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). Therefore, we also reject Rachdi's argument that the BIA violated his right to due process by failing to consider relevant evidence supporting his petition.

**PETITION FOR REVIEW DENIED.**

---

\* The Honorable Judge Jane R. Roth, United States Circuit Judge for the Third Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.