*654 MEMORANDUM **
Maria Dolores Sanchez-Coronado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ order dismissing her appeal of an Immigration Judge’s decision denying her application for cancellation of removal.
Sanchezr-Coronado sought cancellation of removal on the basis of hardship to her two United States citizen children, one of whom suffers from asthma. The IJ denied Sanchez-Coronado’s application after determining that she failed to establish that her removal would result in “exceptional and extremely unusual hardship” to either child. 8 U.S.C. § 1229b(b)(l)(D).
The BIA, in affirming the IJ’s decision, stated in one paragraph that Sanchez-Coronado did not qualify for cancellation because “she has not demonstrated that her United States citizen child would suffer exceptional and extremely unusual hardship” if she were returned to Mexico. The BIA references only one “child” even though Sanchez-Coronado has two citizen children. Her application identified both, and her testimony, as well as the medical evidence, discussed both children. The BIA’s disposition thus indicates that the BIA failed to grasp the fundamental facts of the case and the nature of her claim. Sanchez-Coronado therefore claims a denial of due process.
An alien is entitled to the protections of the Due Process Clause of the Constitution, which require any hearing by the BIA to be “full and fair.” Larita-Martinez v. INS, 220 F.3d 1092, 1095 (9th Cir.2000). The government has emphasized the court’s lack of jurisdiction to review discretionary determinations, but the issue here is an issue of law. We have jurisdiction to review a claim that the BIA violated federal laws or the Constitution. 8 U.S.C. § 1252(a)(2)(D); Larita-Martinez, 220 F.3d at 1095-96. Although there is a rebuttable presumption that the BIA has reviewed the evidence in the record and considered the petitioner’s contentions, id, where, as here, the BIA’s only explanation of its reasons is incorrect, the presumption has been rebutted. Moreover, given the strength of Sanchez-Coronado’s case, the BIA’s error resulted in “substantial prejudice.” Id. at 1095. We remand for appropriate BIA review. Upon remand, we suggest that the BIA examine whether, in light of the passage of time, circumstances may have changed with respect to the determination of hardship to Sanchez-Coronado’s two children.
Petition GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.