**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVO RODRIGO ENRIQUEZ-PESANTES, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-71375 <br><br> Agency No. A029-291-592 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Gustavo Rodrigo Enriquez-Pesantes, a native and citizen of Ecuador,

petitions for review from the Board of Immigration Appeals' ("BIA") order

denying his motion to reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LR/Research

We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Enriquez-Pesantes' motion to reopen as untimely because he filed it almost six years after the agency's final order of deportation, *see* 8 C.F.R. § 1003.23(b)(1), and he failed to establish that any of the regulatory exceptions apply, *see* 8 C.F.R. § 1003.23(b)(4).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

To the extent Enriquez-Pesantes contends that the BIA failed to consider some or all of the evidence he submitted with the motion to reopen, he has not overcome the presumption that the BIA did review the record. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**