NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMED RAMZAN KHAN; et al.,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-74625<br><br>Agency Nos. A079-610-497<br>A079-610-498<br>A079-610-499<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Mohammed Ramzan Khan and his family, natives and citizens of Fiji,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252.  We review for abuse of discretion the denial of a motion to reopen, *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009), and review due process claims de novo, *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000).  We deny the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen where the motion was filed over two years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish changed country conditions in Fiji to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

Petitioners' contention that the BIA did not adequately explain its decision is not supported by the record.  In addition, we reject petitioners' contention that the BIA failed to consider all relevant evidence submitted with the motion to reopen. *See Larita-Martinez*, 220 F.3d at 1095-96 (holding that absent evidence to the contrary, the BIA is presumed to have considered all the evidence).

**PETITION FOR REVIEW DENIED.**