**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAJI DRAMMEH,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 08-75213<br><br>Agency No. A078-642-949<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:  CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

  Haji Drammeh, a native and citizen of Sierra Leone, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008), and we deny in part and grant in part the petition for review, and remand.

Substantial evidence supports the agency's denial of asylum and withholding of removal based upon changed country conditions because, even if Drammeh established past persecution, the record reflects that conditions in Sierra Leone have changed such that Drammeh no longer has a well-founded fear of future persecution by members of the Revolutionary United Front ("RUF"). *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Sowe*, 538 F.3d at 1286-87. We reject Drammeh's contention the agency failed to consider his expert's evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioner must overcome the presumption that the agency reviewed the evidence).

Substantial evidence also supports the agency's denial of CAT relief because Drammeh failed to show it is more likely than not he will be tortured in Sierra Leone. *See Sowe*, 538 F.3d at 1288-89.

The record supports the BIA's denial of Drammeh's humanitarian asylum claim under 8 C.F.R. § 1208.13(b)(1)(iii)(B) because he failed to establish a reasonable possibility of other serious harm if removed to Sierra Leone. *See Marcu v. INS*, 147 F.3d 1078, 1082-83 (9th Cir. 1998) (BIA did not err in denying

humanitarian asylum where its opinion demonstrates that it "heard the claim, considered the evidence, and decided against [the petitioner].")

However, the BIA erred in failing to consider whether, in addition to his detention and beating by the RUF, Drammeh provided compelling reasons for being unwilling or unable to return to Sierra Leone based on the deaths of his parents, the disappearance of his sister, and the destruction of his home. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A); *see also Sowe*, 538 F.3d at 1287. Accordingly, we grant the petition for review and remand for further proceedings consistent with this disposition. *See Sowe*, 538 F.3d at 1287. In light of our disposition, we do not address Drammeh's constitutional challenges to the BIA's standards for humanitarian asylum.

The parties shall each bear their own costs on this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**