**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHUNXING SONG, | No. 09-70108 |
| Petitioner, | Agency No. A088-104-633 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Shunxing Song, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The IJ found Song not credible for several reasons, including an inconsistency between Song's testimony and his documentary evidence regarding his employment history in China, as well as his failure adequately to explain this inconsistency. Substantial evidence supports the agency's adverse credibility determination. *See Shrestha*, 590 F.3d at 1040-44 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"). In the absence of credible testimony, Song's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Song's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. *See id.* at 1156-57.

Finally, the record does not support Song's contention that the IJ was biased. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail in due process claim).

**PETITION FOR REVIEW DENIED.**