**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>PREETINDER SINGH WALIA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent.</td><td>No. 08-71280<br><br>Agency No. A097-101-867<br><br>MEMORANDUM[*]</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Preetinder Singh Walia, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). We grant in part and deny in part the petition for review, and remand.

We reject Walia's contention that the agency ignored evidence, because he has failed to overcome the presumption that the agency considered all the evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 95-96 (9th Cir. 2000). The agency acknowledged Walia was a victim of past persecution. Substantial evidence supports the agency's conclusions that, given Walia's particular circumstances, fundamental changes in India rebutted the presumption that he had a well-founded fear of future persecution if returned to India. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 996 (9th Cir.2003) (concluding that "[b]ecause the country report in this case indicates that only high-level political figures are now subject to persecution on account of political opinion in Guatemala, . . . substantial evidence supports the Board of Immigration Appeals' (BIA) decision to deny asylum to petitioners, who were never party leaders nor high-level politicians." (footnote omitted)).

Because Walia failed to establish a well-founded fear of persecution, it necessarily follows that he failed to establish a clear probability of future

08-71280

persecution.  *See Gonzalez-Hernandez*, 336 F.3d at 1001 n.5.  Accordingly, we deny the petition as to his withholding of removal claim.

Walia failed to raise any argument challenging the agency's denial of his CAT claim in his briefing to this court.  *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008) (CAT claim was waived where petitioner failed to advance argument in support of it).  Accordingly, Walia's CAT claim fails.

However, with respect to Walia's humanitarian asylum claim, the BIA erred by failing to address it.  *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (explaining that although petitioner did not brief CAT claim at length in brief to BIA, it was adequately exhausted where the issue was mentioned in the brief).  Accordingly, we grant the petition with respect to Walia's humanitarian asylum claim, and remand to the BIA to address it in the first instance.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); 8 C.F.R. § 1208.13(b)(1)(iii).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**