**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EPIFANIO TEO PINTO, | No. 06-73369 |
| Petitioner, | Agency No. A072-530-318 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2010
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and SHEA, District Judge.**

Petitioner Epifanio Teo Pinto, a native and citizen of Guatemala, petitions

for review of a Board of Immigration Appeals ("BIA") decision reversing an

immigration judge's grant of asylum and denying his application for asylum,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Edward F. Shea, District Judge for the U.S. District
Court for Eastern Washington, Spokane, sitting by designation.

withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

Petitioner raises two arguments. First, he argues that, contrary to the BIA's conclusion, he was persecuted by Guatemalan guerillas *on account of his political opinion*. Under the substantial evidence standard, we may reverse the BIA's determination that Petitioner failed to establish persecution on account of a ground enumerated in 8 U.S.C. § 1101(a)(42)(A) only if a reasonable fact-finder would have been compelled to reach a different conclusion. *Cruz-Navarro v. INS*, 232 F.3d 1024, 1028–30 (9th Cir. 2000). Here, the record does not compel the conclusion that the Guatemalan guerillas attempted to recruit Petitioner because of Petitioner's actual or imputed political opinion. As regards Petitioner's actual political opinion, his testimony that he refused to join the guerillas because he did not like fighting is insufficient to establish that his refusal to join the guerillas was politically motivated. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992). And as regards any imputed political opinion, Petitioner's testimony—that the guerillas beat him to discover whether he had reported any of the guerillas' activities to the Guatemalan army and that they told him that if he refused to join them, he would meet the same fate as his uncle, who was killed while serving in the Guatemalan army—is insufficient to establish that the guerillas imputed to Petitioner a pro-

2

government political opinion. *See Cruz-Navarro*, 232 F.3d at 1030 ("While the guerillas may have regarded Cruz as an informant, this is not akin to imputing a political belief to him."); *Sangha v. INS*, 103 F.3d 1482, 1489–90 (9th Cir.1997) (holding that applicant failed to establish imputed political opinion where he presented no evidence that an anti-governmental guerilla group imputed his father's political beliefs to him). Accordingly, we affirm the BIA's determination that Petitioner failed to establish persecution on account of a protected ground.

Second, in a three-sentence argument, Petitioner alleges that the BIA did not consider all the evidence of persecution, thus depriving him of a full and fair hearing in violation of his due process rights. We reject this argument because Petitioner's broad and cursory allegation fails to "overcome the presumption that [the BIA] did review the evidence." *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000).

PETITION DENIED.