**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HASYIMUDDIN HASYIMUDDIN; et al., | No. 09-73043 |
| Petitioners, | Agency Nos. A079-517-962 |
| | A079-517-963 |
| v. | A079-517-964 |
| | A079-517-965 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Hasyimuddin Hasyimuddin and his family, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We dismiss in part and deny in part the petition for review.

Regarding derivative petitioners Andrew Hasyimuddin (A079-517-964) and Theresia Hasyimuddin (A079-517-965), on May 8, 2012 and May 16, 2012, respectively, the BIA reopened and terminated removal proceedings without prejudice to afford each of them the opportunity to apply for adjustment of status. Consequently, there is no final order of removal currently in effect for Andrew or Theresia, and this court lacks jurisdiction over the petition for review as to each of them. *See* 8 U.S.C. § 1252(a)(1); *cf. Alcala v. Holder*, 563 F.3d 1009 (9th Cir. 2009). Accordingly, we grant petitioners' unopposed motions to dismiss the petition for review with respect to Andrew and Theresia.

As to the remaining petitioners, the record does not compel the conclusion that Hasyimuddin's experiences, cumulatively considered, rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60 (two beatings and robberies, and being accosted by a threatening mob did not compel finding of past persecution); *cf. Korablina v. INS*, 158 F.3d 1038, 1044-45 (9th Cir. 1998) (concluding there

09-73043

was persecution where Ukranian Jew witnessed violent attacks, suffered harassment, death threats, robbery, attack, and medical treatment for shock and concussion). Substantial evidence supports the agency's finding that, even under a disfavored group analysis, Hasyimuddin failed to establish a clear probability of future persecution because he did not demonstrate sufficient individualized risk. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). Accordingly, Hasyimuddin's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Hasyimuddin failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

Finally, we reject Hasyimuddin's due process contention that the BIA improperly made factual findings in assessing his eligibility under a disfavored group analysis, and his contentions concerning the hearing transcript and translation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**