**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIJUAN YANG, | No. 11-72187 |
| Petitioner, | Agency No. A075-661-763 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:     HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Lijuan Yang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying her motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Yang's motion to reopen as untimely where the motion was filed over five years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Yang failed to present sufficient evidence of changed circumstances in China to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii). Yang's contention that the BIA abused its discretion when it failed to consider several documents she submitted to establish changed country conditions in China fails, because Yang did not overcome the presumption the agency reviewed the evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). Further, the BIA did not abuse its discretion by determining that Yang failed to establish that China's treatment of members of the Shouter faith has materially changed since the time of her prior hearing. *See Najmabadi*, 597 F.3d at 990-91.

**PETITION FOR REVIEW DENIED.**