MEMORANDUM ***
Nasreen Sultana, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals’ denial of her motion to reopen. We deny the petition.
Over five years after her asylum petition was denied by the BIA and she was granted a voluntary departure period of thirty days, Sultana made a motion to reopen and claimed changed country conditions in Bangladesh. See 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i)-(ii). Sultana asserts that the BIA erred when it declared that the evidence did not show “such a change in conditions in Bangladesh as to warrant reopening of proceedings in this matter.” We disagree.
We have reviewed the record and are satisfied that substantial evidence supports the BIA’s determination. See Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir.2010). Moreover, the BIA sufficiently exhibited its consideration of the evidence that Sultana placed before it. See Id., 597 F.3d at 990-91; Larita-Martinez v. INS, 220 F.3d 1092, 1095-96 (9th Cir.2000). We are unable to conclude that a contrary decision was compelled by the evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 & n. 1, 483-84, 112 S.Ct. 812, 815 & n. 1, 817, 117 L.Ed.2d 38 (1992). Thus, the BIA did not abuse its discretion when it denied Sultana’s motion to reopen. See Toufighi v. Mukasey, 538 F.3d 988, 992 (9th Cir. 2008); De Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir.2004).
Petition DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.