**Jose Guadalupe LARITA–MARTINEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 98–71452.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2000.

Filed July 21, 2000.

Anthony J. Parker and Denis'W. Campbell, Law Offices of Curiel & Parker, Santa Monica, California, for the petitioner.

Kurt B. Larson, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

Before: WALLACE, TROTT, and GOULD, Circuit Judges.

WALLACE, Circuit Judge:

Larita–Martinez, a citizen of Mexico, petitions for review of the Board of Immigration Appeals' (Board) denial of his application for suspension of deportation. We have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1105a, as amended by section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act (Reform Act), Pub.L. No. 104–208, 110 Stat. 3009–546, 3009–625 to –627 (1996). We deny the petition.

I

Larita–Martinez entered the United States from Mexico without inspection in 1989 when he was fourteen years old. Except for a period of one week, during which he returned to Mexico to visit his then-ill mother, he has lived continuously in the United States. After receiving an order to show cause, he conceded deportability and applied for suspension of deportation and, alternatively, voluntary departure.

At his deportation hearing, Larita–Martinez testified about his close relationship with his extended family in the United States, including his uncle and aunt. He stated that they "are my family. They're the only persons that I have, so I feel very close to them. I want to help them and we help each other ... succeed in this country." Larita–Martinez's counsel argued during summation that Larita–Martinez's separation from these extended relatives would be an extreme hardship to him. The immigration judge (IJ) considered this hardship and nevertheless concluded that this separation "is typical of suspension cases." He thus denied Larita–Martinez's application for suspension of deportation.

Larita–Martinez appealed to the Board. Before the Board issued its decision, Larita–Martinez advised the Board that his uncle and aunt had received permanent residency in the United States.

The Board affirmed the IJ's denial of Larita–Martinez's application for suspension of deportation. The Board stated:

The respondent's appeal ... is dismissed. We have reviewed the record of proceedings, the Immigration Judge's decision, and the respondent's contentions on appeal. As we find that the Immigration Judge adequately and correctly addressed the issues raised, his decision is affirmed based upon and for the reasons set forth therein.

In short, despite the respondent's arguments to the contrary, the record discloses no basis for concluding that he

would suffer extreme hardship over and above the normal economic and social disruptions involved in deportation. Based on the foregoing, we affirm the Immigration Judge's decision finding that the respondent failed to establish extreme hardship.

(Citations and footnote omitted.)

## II

Larita–Martinez's sole argument is that we should grant his petition and remand to the Board because it did not consider the supplemental evidence he filed on appeal that his uncle and aunt are now permanent residents of the United States. He cites cases holding that it is an abuse of discretion to deny an application for suspension of deportation without specifically mentioning all relevant evidence in the decision.

■■■ The problem with these citations is that we no longer review denials of applications for suspension of deportation for abuse of discretion. In section 309(c)(4)(E) of the Reform Act, part of the Reform Act's transitional appellate jurisdictional scheme, Congress stripped us of jurisdiction to review the discretionary aspects of a decision to deny an application for suspension of deportation. Pub.L. No. 104–208, 110 Stat. at 3009–626; *see also Kalaw v. INS*, 133 F.3d 1147, 1150–52 (9th Cir.1997). Larita–Martinez's petition is governed by the transitional rules of the Reform Act because the Board's final order was entered after October 30, 1996, and deportation proceedings were pending before April 1, 1997. *Hose v. INS*, 180 F.3d 992, 995 (9th Cir.1999) (en banc).

■■■ Recognizing that section 309(c)(4)(E) and *Kalaw* require more than a mere showing of abuse of discretion, Larita–Martinez clothes his argument in due process garb, contending that the Board ignored his supplemental evidence. Despite Reform Act section 309(c)(4)(E), we maintain jurisdiction to review whether the Board violated an alien's due process rights pursuant to 8 U.S.C. § 1105a. Reform Act § 309(c)(1); *Antonio–Cruz v.*

*INS*, 147 F.3d 1129, 1130 & n. 3 (9th Cir.1998). "Whether a deportation proceeding violated an alien's due process rights is reviewed de novo." *Carr v. INS*, 86 F.3d 949, 951 (9th Cir.1996).

■■■ Aliens in deportation proceedings are "entitled to the fifth amendment guaranty of due process." *Cuadras v. INS*, 910 F.2d 567, 573 (9th Cir.1990). Due process "is satisfied only by a full and fair hearing," *id.*, which requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. *Sarvia–Quintanilla v. INS*, 767 F.2d 1387, 1392 (9th Cir.1985). "To prevail on a due process challenge to deportation proceedings, [an alien] must show error and substantial prejudice. A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings; we will not simply presume prejudice." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (citations omitted).

■■■ We first examine whether the Board committed an error constituting a due process violation. There is no administrative rule requiring the Board to review all relevant evidence submitted on appeal. It is beyond argument, however, that the Due Process Clause requirement of "a full and fair hearing," *Cuadras*, 910 F.2d at 573, mandates that the Board do so in its capacity as a reviewing tribunal. Indeed, it is so expected that a court would review all relevant materials in the record that reviewing courts have presumed it. *See Man v. INS*, 69 F.3d 835, 838 (7th Cir.1995) ("[A]bsent evidence to the contrary, we assume that the BIA reviewed the specific findings of the immigration judge in light of the record ...."); *see also Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed.Cir.1986) ("We presume that a fact finder reviews all the evidence presented unless [it] explicitly expresses otherwise."). We embrace the view of our sister circuits and hold that an alien attempting to establish that the Board vio-

lated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence.

Larita–Martinez points to two facts that he suggests show that the Board did not consider the supplemental evidence: (1) the Board did not specifically mention the evidence, and (2) the Board affirmed the IJ's decision "based upon and for the reasons set forth therein," which reasons could not have included the supplemental evidence since it was not available when the IJ made its decision. The question before us is whether these facts overcome the presumption that the Board reviewed the record, including the supplemental evidence.

As to the first contention, even though the Board did not explicitly mention the supplemental evidence, it plainly stated that it reviewed the "record of proceedings." That term, as defined in Immigration and Naturalization Service (INS) regulations, refers broadly to all documents related to an alien's INS proceedings and specifically includes "documents submitted in support of appeals." 8 C.F.R. § 103.8(d). Thus, when the Board stated that it reviewed the "record of proceedings," it explicitly meant that it reviewed the "documents submitted in support of [Larita–Martinez's] appeal[ ]," which includes the supplemental evidence. Further, the Board stated that it reviewed Larita–Martinez's "contentions on appeal." Those contentions include the argument that Larita–Martinez's supplemental evidence supported his suspension of deportation application.

As to the second contention, that the Board affirmed the IJ's decision "based upon and for the reasons set forth therein," does not mean that the Board blindly rubber stamped the IJ's decision. In fact, after the Board adopted the IJ's decision, it independently concluded that Larita–Martinez had not shown extreme hardship. Additionally, it is evident that the Board completed legal research independent from the IJ: it cited *Shooshtary*

*v. INS*, 39 F.3d 1049 (9th Cir.1994), which the IJ did not cite. That case directly addresses the type of hardship Larita–Martinez alleged:

> The uprooting of family, the separation from friends, and other normal processes of readjustment to one's home country after having spent a number of years in the United States are not considered extreme, but represent the type of inconvenience and hardship experienced by the families of most aliens in the respondent's circumstances.

*Id.* at 1051.

The Board's independent analysis, together with its *Shooshtary* citation, counter Larita–Martinez's argument that the Board did not consider his supplemental evidence on appeal. Because he has not rebutted the presumption that the Board considered his supplemental evidence, he fails to show a due process error, and it is therefore unnecessary to analyze the second requirement: whether he has established substantial prejudice because of the Board's alleged lack of review.

PETITION DENIED.