**Santiago Negrete DURAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 02–71337, 02–74352.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 24, 2004.

Decided Sept. 7, 2004.

Joren Lyons, Angela M. Bean & Associates, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jennifer Lightbody, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, GOODWIN, and TASHIMA, Circuit Judges.

### MEMORANDUM *

Two petitions seek review of the Board's denial of suspension of deportation under former § 244(a)(1) of the INA for failure to demonstrate extreme hardship. This court's jurisdiction is governed by IIRIRA's transitional rules, which provided, in pertinent part that "there shall be no appeal of any discretionary decision under section ... 244 [of the INA]." IIRIRA § 309(c)(4)(E).

Petitioner seeks to disguise his claim as a denial of due process, and thus obtain the forbidden review of a discretionary decision by the Board. However, he cites no constitutional due process defect in the Immigration Judge's ("IJ"), or the Board's, conduct of the proceedings. He relies entirely on his own opinion that the proceedings could not have satisfied due process because they did not reach the result he wanted.

The IJ and the Board examined the evidence and concluded that his medical problems, which did not interfere with his ability to work, were not of such a nature that his return to Mexico would amount to extreme hardship. This decision, while contrary to his claim, did not amount to a denial of due process within the meaning of *Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000).

The petitions are DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.