**Haris KHAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71395.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Decided Sept. 23, 2004.

Haris Khan, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, Esq., Kurt B. Larson, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM **

Haris Khan, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of the application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Thomas v. Ashcroft*, 359 F.3d 1169, 1174 (9th Cir.2004) and will reverse the BIA's determination only if the petitioner shows that the evidence compels such a result. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's decision that Khan did not suffer past persecution or have a well-founded fear of future persecution. Even assuming that Khan was credible, he testified that the police arrested him twice and never told him why they arrested him. Because Khan testified that he did not know why he was arrested, and that the police may have arrested him to extort money from him, Khan failed to present evidence so compelling as to require the conclusion that he was persecuted on account of an enumerated ground. *See id.*

By failing to qualify for asylum, Khan necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Khan's claim that a due process violation occurred because the IJ failed to mention a newspaper article and a 1999 State Department country report also lacks merit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because the article and report do not address his arrests or detentions, Khan fails to show prejudice. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000) (requiring a showing of prejudice in order to prevail on a due process claim).

Finally, substantial evidence supports the BIA's denial of relief under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION DENIED.**