FILED

**NOT FOR PUBLICATION**

MAR 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ORLANDO MEJIA-ACOSTA, | No. 08-70309 |
| Petitioner, | Agency No. A097-740-793 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Orlando Mejia-Acosta, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for substantial evidence the agency's factual findings, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on discrepancies between Mejia-Acosta's testimony and his asylum application regarding the nature and circumstances of the threats made against him and his father. *See Chebchoub*, 257 F.3d at 1043 (inconsistencies that relate to the basis for the petitioner's fear of persecution go to the heart of the claim). In the absence of credible testimony, Mejia-Acosta's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We reject Mejia-Acosta's contention that the IJ denied him adequate time to prepare and present his claims. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). We also reject his contention that the BIA failed to adequately review the evidence in his case. *See id*. at 1095-96 (requiring alien to overcome presumption that BIA considered all the relevant evidence).

**PETITION FOR REVIEW DENIED.**