**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SULAKHAN SINGH, | No. 08-71442 |
| Petitioner, | Agency No. A077-823-351 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:      RYMER, THOMAS, and PAEZ, Circuit Judges.

Sulakhan Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's determination that, even if Singh credibly established past persecution, any presumption of a well-founded fear was rebutted by evidence that he could reasonably relocate within India. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *Gonzalez-Hernandez*, 336 F.3d at 998-99 (presumption was rebutted where the BIA rationally construed an ambiguous country report and provided an individualized analysis of the petitioner's situation). We reject Singh's contentions that the BIA failed to consider all relevant evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioner must overcome the presumption that the agency has considered all the evidence); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[t]he [BIA] does not have to write an exegesis on every contention.") (internal quotes omitted). Accordingly, Singh's asylum claim fails.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Gonzalez-Hernandez*, 336 F.3d at 1001 n.5.

**PETITION FOR REVIEW DENIED.**

08-71442