**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS EMIRO BARRIOS MENDOZA; et al.,<br><br>                  Petitioners,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                  Respondent. | No. 08-74394<br><br>Agency Nos.    A096-351-672<br>                  A096-351-673<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:     LEAVY, IKUTA, and N.R. SMITH, Circuit Judges.

Luis Emiro Barrios Mendoza and his wife, natives and citizens of Colombia,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and denying their motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, review de novo questions of law, and review for substantial evidence factual findings. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1061-62 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish that guerrillas have harmed or will harm Barrios Mendoza on account of an imputed political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("[t]o reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original); *Sangha v. INS*, 103 F.3d 1482, 1488-91 (9th Cir. 1997). Accordingly, we deny the petition as to petitioners' asylum and withholding of removal claims.

Substantial evidence supports the agency's denial of CAT relief because petitioners did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity if returned to Colombia. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

We reject petitioners' contention that the IJ did not consider the evidence, because they have not overcome the presumption the agency reviewed the record.

*See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). We also reject petitioners' contention that they were denied due process based on indiscernible and missing words in the transcript because petitioners have not demonstrated how this affected the outcome of their proceedings. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Finally, the BIA did not abuse its discretion in denying petitioners' motion to remand based on ineffective assistance of counsel, because petitioners failed to demonstrate they were prejudiced by the conduct of their former attorneys. *See id.*; *see also Blanco v. Mukasey*, 518 F.3d 714, 722 (9th Cir. 2008) (no prejudice from counsel's failure to call a witness because additional testimony likely would not have changed the outcome); *Ortiz v. INS*, 179 F.3d 1148, 1153-54 (9th Cir. 1999) (attorney's failure to elicit testimony regarding petitioner's asylum claim was insufficient to establish prejudice).

**PETITION FOR REVIEW DENIED.**