**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO MARCOS-FRANCISCO, | No. 10-73885 |
| Petitioner, | Agency No. A073-219-526 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Francisco Marcos-Francisco, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from the immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Marcos-Francisco has not established past persecution because the two threats he received from guerrillas do not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone...constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotations omitted). Substantial evidence also supports the BIA's finding that Marcos-Francisco failed to establish a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Therefore, Marcos-Francisco's asylum claims fails.

Because Marcos-Francisco failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182*,* 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's finding that Marcos-Francisco has not established that it is more likely than not he will be tortured by

or with the consent or acquiescence of a government official. *See Santos-Lemus*, 542 F.3d at 747-48. Accordingly, Marcos-Francisco's CAT claim fails.

Marcos-Francisco has not overcome the presumption that the agency considered all of the evidence in the record. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

Additionally, Marcos-Francisco contends the BIA applied the incorrect legal standard to his cancellation of removal claim by failing to consider the hardship factors cumulatively and by failing to apply controlling precedent to the determination. The record belies these contentions. Because the BIA applied the correct legal standard, and Marcos-Francisco does not put forth a colorable legal or constitutional claim, we lack jurisdiction to review the BIA's discretionary hardship determination. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979-80 (9th Cir. 2009).

Marcos-Francisco's motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**