FILED

OCT 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALI GHAHREMANI-NEJAD, | No. 10-71184 |
| Petitioner, | Agency No. A088-515-850 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Ali Ghahremani-Nejad, a native and citizen of Iran, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Ghahremani-Nejad failed to establish a reasonable possibility that he will be persecuted in Iran on account of his political opinion. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative to be credited as a basis for fear of future persecution"). To the extent Ghahremani-Nejad contends that the agency erred by failing to consider his country conditions evidence, he has not overcome the presumption that the agency reviewed the record. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

Because Ghahremani-Nejad failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's determination that Ghahremani-Nejad was not eligible for CAT relief because he did not establish that he is "more likely than not to be tortured" if he returns to Iran. *See* 8 C.F.R. § 1208.16(c)(4); *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**