FILED

DEC 28 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL RODAS-AGUIRRE, | No. 10-72620 |
| Petitioner, | |
| v. | Agency No. A073-961-666 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Rafael Rodas-Aguirre, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Rodas-Aguirre's two asylum applications and between his most recent application and his testimony regarding the circumstances of the most significant incident of harm Rodas-Aguirre suffered. *See id*. at 1043 (inconsistencies about the events leading up to petitioner's departure and the number of times he was arrested went to the heart of the claim). Substantial evidence also supports the agency's adverse credibility determination based on Rodas-Aguirre's failure to provide corroboration of this incident through his cousin who lives in the United States.  *See id*. at 1045 (failure to provide easily available corroborating evidence).  Rodas-Aguirre's explanations for the inconsistencies do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  In the absence of credible testimony, Rodas-Aguirre's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Rodas-Aguirre's CAT claim fails because it is based on the same testimony

found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to El Salvador. *See id*. at 1156-57.

We reject Rodas-Aguirre's contention that the BIA did not consider all the evidence, because he has not overcome the presumption that the agency did so. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). Further, his contention that the IJ applied the wrong standard is belied by the record.

Finally, because the agency applied the correct legal standard to Rodas-Aguirre's cancellation of removal claim, we lack jurisdiction to review its discretionary hardship determination. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**