**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ATE ARMAN,

                Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 11-72817

Agency No. A095-629-982

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

    Ate Arman, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA denied Arman's untimely motion to reopen after finding that he failed to establish prima facie eligibility for relief. In doing so, the BIA found that, even under a disfavored group analysis, Arman failed to establish sufficient individualized risk of persecution to warrant relief, and also that Arman failed to provide any evidence that his children would be harmed. The BIA did not abuse its discretion in denying Arman's motion. *See id.* at 986 (BIA can deny a motion to reopen on "any one of 'at least' three independent grounds," including "failure to establish a prima facie case for the relief sought"); *see also Halim v. Holder*, 590 F.3d 971, 978-79 (9th Cir. 2009).

In light of our previous conclusion in *Arman v. Holder*, No. 07-71553, 2010 WL 1986196 (9th Cir. May 18, 2010), we do not address Arman's argument that he has demonstrated that harm to his wife due to her Chinese ethnicity constitutes a pattern of persecution tied to Arman.

Finally, we reject Arman's contention that the BIA failed to consider the evidence of harm suffered by his in-laws. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioner must overcome the presumption that the agency has considered all the evidence).

**PETITION FOR REVIEW DENIED.**