**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SANTIAGO NAVARRO-BERNAL,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-73476<br><br>Agency No. A095-741-640<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Santiago Navarro-Bernal, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual determinations. *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's denial of Navarro-Bernal's request for withholding of removal because he failed to establish nexus to a statutorily protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.")

Navarro-Bernal's contention that the BIA ignored his country-conditions evidence in evaluating his request for CAT protection is unavailing because the record contains no indication that the BIA did not consider this evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) ("[A]n alien attempting to establish that the B[IA] . . . fail[ed] to consider relevant evidence must overcome the presumption that it did review the evidence."); *see also Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) ("When nothing in the record or the [agency]'s decision indicates a failure to consider all the evidence, a 'general statement that [the agency] considered all the evidence before [it]' may be sufficient." (citation omitted)).

We lack jurisdiction to consider Navarro-Bernal's current contention that his California conviction carries a maximum possible sentence of only six months and consequently does not bar him from eligibility for cancellation of removal, because he failed to raise this argument before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**