**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX OGHENAKOGIE OBIDAH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-74092<br><br>Agency No. A089-703-446<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Felix Oghenakogie Obidah, a native and citizen of Nigeria, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Obidah claims Muslim extremists menaced and attacked him on account of his Christian religion, and police arrested and beat him on account of his political activity. Substantial evidence supports the agency's adverse credibility determination based on Obidah's omission of, and subsequent inconsistent testimony regarding, his return to Nigeria in November 2006 shortly after fleeing the country, and the inconsistencies between Obidah's testimony and written declaration regarding his political activities. *See id.* at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). The agency reasonably rejected Obidah's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). We reject Obidah's contention that the BIA failed to take into account the testimony of Obidah's son. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). In the absence of credible testimony, Obidah's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Obidah's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to Nigeria. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**