FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NUAN IVAN CARRANZA,  Petitioner,  v.  LORETTA E. LYNCH, Attorney General,  Respondent. | No. 11-70495  Agency No. A099-825-145  MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and McKEOWN, Circuit
Judges.

Nuan Ivan Carranza, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals's ("BIA") decision affirming the denial of his

application for deferral of removal under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for substantial evidence the factual findings underlying the BIA's determination of ineligibility under CAT. *Owino v. Holder*, 771 F.3d 527, 531–32 (9th Cir. 2014) (per curiam). We review de novo claims of due process violations in removal proceedings. *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir. 2000). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

I

Substantial evidence supports the BIA's denial of CAT relief to Carranza. The BIA gave "reasoned consideration" to all the evidence in the record, including the declaration provided by Borjas. *See Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011) (remanding when BIA completely failed to consider evidence provided by expert witness). The BIA reasonably concluded that Carranza was unlikely to come to the attention of Honduran authorities as a potential gang member. *See Andrade v. Lynch,* 798 F.3d 1242, 1244–45 (9th Cir. 2015) (per curiam) (concluding that petitioner with "decorative, not gang-related" tattoo did not establish clear probability that he would be subject to torture).

Substantial evidence also supported the BIA's conclusion that government officials would not acquiesce in Carranza's torture by members of the Mara 18 gang—through its Mano Duro policies, the Honduran government is attempting to

-2-

address gang-related violence. Furthermore, Carranza did not seek police assistance following his previous run-ins with members of Mara 18 and thus cannot argue that the government was willfully blind to his particular situation. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 748 (9th Cir. 2008) (holding that petitioner could not establish government acquiescence in gang violence "because the incidents were never reported and there [was] no evidence in the record suggesting the government may have otherwise been aware of threats made against" the petitioner), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). In short, substantial evidence supports the BIA's conclusion.

II

Carranza claims the immigration judge denied Carranza due process of law by excluding the telephonic testimony of Maria Borjas, an expert witness. Petitioner bears the burden of establishing that: (1) a due process violation occurred; and (2) the violation caused the petitioner prejudice, meaning it affected the outcome of the proceedings. *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000).

We agree that the IJ violated Carranza's procedural due process rights by excluding Borjas's telephonic testimony. Aliens in removal proceedings are

entitled to a "full and fair hearing of [their] claims and a reasonable opportunity to present evidence." *Id.* at 971; *see also* 8 U.S.C. § 1229a(b)(4)(B) (describing aliens' rights in removal proceedings). In *Colmenar*, we held that an IJ denied petitioner due process by limiting petitioner's oral testimony. 210 F.3d at 971–72. Similarly, in *Lopez-Umanzor v. Gonzales*, we held that the IJ denied petitioner due process when the telephonic expert testimony "could provide information relevant to the IJ's most critical areas of doubt" and would cover issues not addressed in the written affidavits. 405 F.3d 1049, 1056–57 (9th Cir. 2005). In this case, the IJ should have permitted the petitioner to present the telephonic testimony.

However, in addition to demonstrating the procedural due process violation, petitioner bears the burden of establishing that the alleged violation prejudiced their interests, or potentially affected the outcome of the proceeding. *Colmenar*, 210 F.3d at 971. After a careful review of the record, we conclude that Carranza did not establish that the exclusion of the evidence affected the outcome of the proceedings. The evidence would have been largely cumulative of the expert's written declaration, which was admitted into evidence. Further, her testimony was focused on the risk to persons in an age group different from that of the petitioner.

We note that petitioners seeking deferral under the CAT face a very high burden of proof. *See Andrade v. Lynch*, 798 F.3d 1242, 1245 (9th Cir. 2015) (per

curiam).  Petitioners must establish that there is more than a 50% chance that they would be tortured if removed to the proposed country of removal.  *Id.*; 8 C.F.R. § 1208.16(c)(2).  Given the nature of the excluded evidence and the heavy burden facing CAT applicants, petitioner has not established the requisite prejudice from the due process violation and is therefore not entitled to relief.

**PETITION DENIED.**