**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUI YU,<br><br>   Petitioner,<br><br> v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>   Respondent. | No. 14-72582<br><br>Agency No. A087-823-198<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Hui Yu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

\*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Yu's testimony, asylum declaration, and documentary evidence as to whether Yu left his house following his release from detention and the frequency with which Yu was required to file a written report to the police, as well as Yu's demeanor during cross-examination. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) (noting that the "need for deference is particularly strong in the context of demeanor assessments"). Yu's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Yu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)

14-72582

Yu's CAT claim fails because it is based on the same testimony the agency found not credible, and Yu does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government. *See id.* at 1156-57.

Finally, we reject Yu's contention that his due process rights were violated due to poor translation of his testimony at his hearing before the IJ. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000) (no due process violation where there is no error).

**PETITION FOR REVIEW DENIED.**

14-72582