NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DHARMESH BALUBHAI PATEL, | No.  17-70836 |
| Petitioner, | Agency No. A072-176-625 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2021[**]
Seattle, Washington

Before:  McKEOWN, CHRISTEN, and MILLER, Circuit Judges.

Dharmesh Balubhai Patel, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*,

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

597 F.3d 983, 986 (9th Cir. 2010), and we review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The BIA did not abuse its discretion in denying Patel's motion to reopen as untimely and numerically barred. His motion exceeded the one-motion limit and was not filed within 90 days of the Board's final order issued on June 13, 2012. Patel has failed to establish materially changed circumstances in India to qualify for the regulatory exception to the filing deadline or numerical bar. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 990–91 (evidence must be "qualitatively different" to warrant reopening). Patel's first motion to reopen included very similar evidence of corruption, violence by religious extremists, and police brutality. The evidence Patel submitted does not show that conditions in India are qualitatively different from those at the time of his earlier hearing. The BIA did not abuse its discretion in denying the motion to reopen.

Because Patel has not shown error in the BIA's decision, we also reject his due process claim. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**