NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCOS DIEGO-PEDRO; D.E.D.-S., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1556 <br><br> Agency Nos. <br> A220-320-467 <br> A220-320-468 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2025**
Pasadena, California

Before: CLIFTON, BYBEE, and FORREST, Circuit Judges.

Petitioners Marcos Diego-Pedro and his minor child petition for review of the

Board of Immigration Appeals' (BIA) decision dismissing their appeal from the

immigration judge's (IJ) denial of asylum, withholding of removal, and relief under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture (CAT).[1] We deny the petition.

"We review factual findings for substantial evidence and legal questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). Where the BIA adopts and affirms the IJ's decision by citing *Matter of Burbano*, as here, we "review the decision of the IJ, as well as any additional reasoning offered by the BIA." *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).

Diego-Pedro argues that the IJ erred by failing to consider all relevant evidence in its decision—namely the Human Rights Report and Crime and Safety Report. However, there is no evidence that the IJ failed to consider these reports. The IJ stated that it had considered Diego-Pedro's evidence, "including country conditions," "whether or not specifically discussed in the oral decision." Diego-Pedro's conclusory assertions to the contrary do not "overcome the presumption that [the IJ] did review the evidence." *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000).

Diego-Pedro also argues that the IJ erred by assuming that "resistors of gang recruitment" is not a cognizable particular social group. However, any such assumption is irrelevant because Diego-Pedro never alleged persecution based on his membership in this group.

---

[1]Diego-Pedro's minor child asserts a derivative asylum claim. *See* 8 U.S.C. § 1158(b)(3)(A).

Finally, Diego-Pedro argues that the IJ erred in its CAT analysis by requiring him to show past torture and by failing to consider the aggregate risks of future torture he may face. However, the IJ correctly noted that (1) Diego-Pedro and his family were never physically harmed in Guatemala, (2) there was no evidence that this would change in the future, (3) the threats were not severe enough to amount to torture, and (4) there was insufficient evidence that the government would acquiesce in any harm to Diego-Pedro or his minor child. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015) ("When evaluating an application for CAT relief, the IJ and the BIA should consider 'all evidence relevant to the possibility of future torture, including . . . [e]vidence of past torture inflicted upon the applicant.'" (alteration in original) (quoting 8 C.F.R. § 1208.16(c)(3))). The record therefore does not compel the conclusion that Diego-Pedro or his minor child would more likely than not be tortured if removed to Guatemala or that the government would acquiesce in any torture.

**PETITION DENIED.**