NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FELIPE REYES-TAPIA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3359

Agency No.
A201-439-532

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2025[**]
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Petitioner Felipe Reyes-Tapia is a native and citizen of Mexico. He petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal

from an Immigration Judge's ("IJ") denial of his application for cancellation of

removal. The agency determined that Petitioner had not demonstrated that his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

removal would impose the requisite "exceptional and extremely unusual hardship" to his children. *See* 8 U.S.C. § 1229b(b)(1)(D). "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir. 2004) (quoting *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000), *abrogated on other grounds by Garland v. Ming Dai*, 593 U.S. 357 (2021)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Petitioner has not shown that the agency violated his right to due process by failing to consider all the relevant evidence in making its hardship determination. A noncitizen "attempting to establish that the [agency] violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence." *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). The record does not support Petitioner's assertion that the agency ignored his evidence of missed educational and career opportunities in determining the economic harm to his children.[1] The agency expressly considered the economic harm to Petitioner's children and found that, though Petitioner's removal would "cause a significant financial detriment" to them, it was insufficient to qualify as an exceptional and extremely unusual hardship. And the agency need not "individually identify and discuss every piece

---

[1] Petitioner cites to no specific evidence in the record that was missed.

of evidence in the record." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1008 (9th Cir. 2025) (quoting *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022)).

2. Substantial evidence supports the agency's conclusion that Petitioner's removal would not result in exceptional and extremely unusual hardship to his children under 8 U.S.C. § 1229b(b)(1)(D).[2] *See Gonzalez-Juarez*, 137 F.4th at 1003 (holding that the agency's hardship determination is a mixed question of law and fact that we review for substantial evidence). Here, the agency considered the totality of the circumstances, including Petitioner's children's health, whether other relatives would take care of them if Petitioner was removed, and the economic hardship that would occur if Petitioner was removed. Based on the evidence presented, the agency found that Petitioner had failed to demonstrate an "exceptional and extremely unusual hardship" to his children because the hardship presented was not "substantially different from, or beyond, that which would normally be expected from the deportation of a[ ] [noncitizen] with close family members here." *See id.* at 1006. Because the evidence does not compel a contrary conclusion, we deny the petition. *See id.* at 1002.

---

[2] Petitioner also contends that the agency violated his due process rights by not finding that his removal would result in an exceptional and extremely unusual hardship on his children. Petitioner's argument that the agency misapplied the facts to the applicable law does not state a colorable constitutional claim. *See Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). And to the extent that Petitioner disputes the agency's underlying factual findings, we lack jurisdiction to review those findings. *See Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues.