NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APRIL 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LIN XIE, et al.,

                Petitioners,

    v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

No. 10-72550

Agency Nos. A099-449-123
                A099-449-124

MEMORANDUM[*]

On Petition for Review of an Order of the

Board of Immigration Appeals

Argued and Submitted April 11, 2014
Pasadena, California

Before: HURWITZ and FARRIS, Circuit Judges, and FRIEDMAN, Senior District
Judge.[**]

    After arriving in the United States, lead petitioner Lin Xie and her husband,

Jinzhu Pang, applied for asylum, withholding of removal, and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**]    The Honorable Paul L. Friedman, Senior District Judge, U.S. District Court for
the District of Columbia, sitting by designation.

Convention Against Torture based on China's restrictive population control policies. An immigration judge ("IJ") denied their applications, finding that Xie was not a credible witness and had failed to satisfy her burden of proof. The Board of Immigration Appeals ("BIA") adopted and affirmed the decision of the IJ, finding that the IJ's adverse credibility determination was not clearly erroneous and that the Xie had not sufficiently corroborated her claims. Xie and Pang petition for review. Because the IJ and the BIA erred by failing to properly consider all of the evidence in the record, we grant the petition and remand for further proceedings.

A failure by the BIA to consider all relevant evidence in the record constitutes an abuse of discretion, Vitug v. Holder, 723 F.3d 1056, 1064 (9th Cir. 2013), and implicates the due process requirement of a full and fair hearing, Larita-Martinez v. INS, 220 F.3d 1092, 1095–96 (9th Cir. 2000). We typically presume that the agency has considered all of the relevant materials in the record, regardless of whether it has discussed every piece of evidence submitted. Id.; see also Almaghzar v. Gonzales, 457 F.3d 915, 921–22 (9th Cir. 2006). "But, where there is any indication that the BIA did not consider all of the evidence before it, . . . the decision cannot stand." Cole v. Holder, 659 F.3d 762, 771–72 (9th Cir. 2011). "Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence." Id. at 772.

2

Here, there are clear indications that the IJ and the BIA overlooked relevant record evidence. The IJ faulted petitioners for providing no evidence that they were married or had a son born in China. In doing so, however, the IJ misstated the record. The IJ stated that the petitioners had failed to submit a marriage certificate and repeatedly questioned why a certificate was not provided. In fact, petitioners' marriage certificate is in the record. The IJ also referred to a single household register booklet, which contained removable pages and was examined by the Department of Homeland Security's Forensic Document Laboratory ("FDL") on December 14, 2007. The IJ omitted any reference to a second household register booklet that was submitted by petitioners and examined by the FDL on January 29, 2007, and which appears to have contained information about petitioners' child born in China.

The perceived absence of corroborating evidence was a critical building block in the IJ's adverse credibility determination, which the BIA affirmed without any discussion of the overlooked evidence. Under these circumstances, it is appropriate to remand to the agency for reconsideration of petitioners' claims in light of all the record evidence.[1]

---

[1] Because the certified administrative record appears to be incomplete, further clarification and development of the record may be necessary. For example, the FDL reports show that petitioners submitted two distinct household register booklets in immigration court, and there is no evidence that either booklet was excluded or withdrawn. The record on appeal, however, appears to contain only the booklet examined by the FDL on January 29, 2007; it does

We also have considered petitioners' argument that the IJ was *required* to find the lead petitioner credible, and we find this argument unavailing. On remand, the IJ must revisit the question of Lin Xie's credibility on the basis of the complete and accurate record, but the credibility determination, and the question of whether petitioners have met their evidentiary burden, is for the IJ to decide in the first instance. See Soto-Olarte v. Holder, 555 F.3d 1089, 1093–96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; CASE REMANDED.**

---

not contain the booklet examined by the FDL on December 14, 2007, and referred to during the merits hearing. In addition, the petitioners' resident identification cards, which also were discussed during the merits hearing, do not appear in the certified administrative record.