**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMILE KIFON WIRNGO, a.k.a. Wirngo Emile Kifon, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-73519 <br><br> Agency No. A200-289-690 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Emile Kifon Wirngo, a native and citizen of Cameroon, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Wirngo claims he suffered past persecution when he was detained for two weeks, denied access to adequate food and sanitation facilities, and warned to stop circulating his ideas about the government of Cameroon. Even if credible, the record does not compel the conclusion that he suffered past persecution. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (describing persecution as an "extreme concept"); *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found [these incidents constituted] past persecution, we do not believe that a factfinder would be compelled to do so."). Substantial evidence supports the agency's finding that Wirngo does not have a well-founded fear of future persecution. *See Lin v. Holder*, 610 F.3d 1093, 1097 (9th Cir. 2010) (petitioner did not establish that the Chinese authorities would act in a manner that would rise to the level of persecution). Thus, Wirngo's asylum claim fails.

Because Wirngo failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

12-73519

Substantial evidence also supports the agency's denial of CAT relief because Wirngo failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of Cameroon. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Wirngo's contention that the agency failed to consider all the evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioner must overcome the presumption that the agency has considered all the evidence).

**PETITION FOR REVIEW DENIED.**