**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARDO RAMOS MUNOZ, | No. 09-73285 |
| Petitioner, | |
| v. | Agency No. A073-986-657 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Bernardo Ramos Munoz, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from

the immigration judge's decision denying his application for asylum, withholding

of removal, relief under the Convention Against Torture ("CAT"), and cancellation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Ramos Munoz claims he suffered past persecution because of his race and social group, and fears problems in the future for the same reasons, as well as his possible union activity. Substantial evidence supports the BIA's finding that Ramos Munoz failed to establish the past harm he experienced in Mexico did not rise to the level of persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004) ("[E]conomic disadvantage alone does not rise to the level of persecution."). Substantial evidence also supports the BIA's finding that Ramos Munos failed to establish a well-founded fear of future persecution. *See id.*; *see also Nagoulko v. INS*, 333 F.3d 1012 (9th Cir. 2003) (fear of future harm too speculative). We reject Ramos Munoz's contention that the BIA failed to consider certain evidence. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006). Absent a showing of past persecution, Ramos Munoz is not eligible for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Thus, his asylum claim fails.

Because Ramos Munoz did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190. Thus, his claim for withholding of removal fails.

Substantial evidence also supports the BIA's denial of relief under CAT because Ramos Munoz failed to establish it is more likely than not he would be tortured. *See Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011) (petitioner failed to show sufficient probability of torture to satisfy high CAT standard).

We lack jurisdiction over Ramos Munoz's claim that the BIA misapplied the hardship standard to the facts of his case. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (court lacks jurisdiction to address claim that the agency's decision was "factually inconsistent with prior agency hardship determinations.").

We reject Ramos Munoz's contention that the agency ignored relevant evidence in assessing his claim for cancellation of removal. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) ("an [applicant] attempting to establish that the [agency] violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence."). Thus, his claim for cancellation of removal fails.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**