**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NESLIHAN YILDIZHAN, | No. 13-70427 |
| Petitioner, | |
| | Agency No. A072-113-410 |
| v. | |
| | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Neslihan Yildizhan, a native and citizen of Turkey, petitions for review of

the Board of Immigration Appeals ("BIA") order denying her motion to reopen.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

983, 986 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Yildizhan's untimely and number-barred motion to reopen based on its finding that the evidence was insufficient to establish prima facie eligibility for relief from removal.  *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (to prevail on a motion to reopen based on changed country conditions, applicant must, *inter alia*, demonstrate that the evidence establishes prima facie eligibility for relief).  We reject Yildizhan's contentions that the BIA's analysis was deficient, and Yildizhan has not overcome the presumption that the BIA reviewed the entire record in considering her motion, *see Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000).  We do not consider the new evidence referenced in Yildizhan's opening brief.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).  Finally, we lack jurisdiction to address Yildizhan's contentions related to the underlying agency decisions because this petition for review is not timely as to those decisions.  *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405 (1995).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**