**NOT FOR PUBLICATION**

**FILED**

JAN 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIANA LIE, | No. 13-73526 |
| Petitioner, | Agency No. A088-093-348 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Liana Lie, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

*        This disposition is not appropriate for publication and is
not precedent except as provided by 9th Cir. R. 36-3.

**        The panel unanimously concludes this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo due process claims, *see Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding as to the alleged events in 2005 based on inconsistencies between Lie's testimony and documentary evidence. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Lie's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). We reject Lie's claim that the IJ violated her due process rights. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim). Substantial evidence also supports the agency's conclusion that Lie failed to establish that a protected ground was one central reason for the 2001 incident. *See Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009). In addition, substantial evidence supports the agency's finding that the other incidents Lie described in Indonesia, even considered cumulatively, did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009). Further, substantial evidence supports the agency's finding that, even under a disfavored

group analysis, Lie failed to demonstrate sufficient individualized risk of harm to establish a well-founded fear of future persecution. *See Halim*, 590 F.3d at 979. Thus, Lie's asylum claim fails.

Because Lie did not establish eligibility for asylum, she necessarily failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Lie's CAT claim because she failed to demonstrate it is more likely than not she would be tortured if returned to Indonesia. *See Silaya v. Mukasey*, 524 F.3d at 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**