**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL DE JESUS ORELLANA TOBAR, aka JOSE DE JESUS ORELLANA TOBAR,<br><br>        Petitioner,<br><br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | No. 11-72737<br><br>Agency No. A078-338-109<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2016
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges and EATON[**]

Petitioner Manuel de Jesus Orellana Tobar (Tobar) petitions for review of a

final order of removal.  Tobar asserts that the Board of Immigration Appeals (BIA)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.


[**]    Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

erred by denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Substantial evidence supports the BIA's denial of relief. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2013) (reviewing for substantial evidence).[1]  The BIA agreed with the determination of the Immigration Judge (IJ) that Tobar's claim lacked a nexus to a protected ground.  Tobar failed to establish a connection between his asserted persecution and his status as an imputed whistleblower.[2]  Tobar offered only his association with Sergeant Carrillo and the threat that he would meet "the same end as the Sergeant," who was going to testify regarding certain high-profile kidnappings.  However, there was scant evidence that any testimony from Carrillo would have implicated the government rather than rogue police officers.

The BIA's failure to cite to the El Salvador Country Report (Country Report) in its denial of CAT relief does not warrant a remand.  Absent specific

---

[1]Tobar asserts that the BIA purported to affirm a nonexistent adverse credibility determination.  However, because the BIA denied relief on the merits we do not reach the credibility issue.

[2]The government asserts that Tobar failed to exhaust this claim before the BIA.  Although Tobar did not use the term "whistleblower," the facts supporting this claim were sufficiently presented.

evidence to the contrary, we presume that the BIA considered all evidence presented. *See Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir. 2000).

**PETITION DENIED.**