**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSA ELENA GUZMAN SANCHEZ and LIZBETH YULIANA ALVARADO GUZMAN,<br><br>Petitioners,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    16-70655<br><br>Agency Nos.    A202-098-281<br>                        A202-098-282<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Rosa Elena Guzman Sanchez, and Lizbeth Yuliana Alvarado Guzman,

natives and citizens of Mexico, petition for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reopen removal proceedings.  We

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen where they failed to offer evidence that was not available and could not have been discovered or presented at the former hearing.  *See* 8 C.F.R. § 1003.2(c)(1); *Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (BIA did not abuse its discretion where evidence proffered was not previously unavailable).

We reject petitioners' contention that the BIA violated their due process rights by failing to consider evidence.  *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000) (no due process violation where there is no error).

The BIA did not abuse its discretion in denying the motion to reopen for consideration of humanitarian asylum.  *See Najmabadi v. Holder*, 597 F.3d 983 at 986 (9th Cir. 2010) (BIA does not abuse its discretion unless it acts "arbitrarily, irrationally, or contrary to law"); 8 C.F.R. § 1208.13(b)(1)(iii).

**PETITION FOR REVIEW DENIED.**

16-70655