NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO GARCIA-CASTILLO, | No. 20-72495 |
| Petitioner, | Agency No. A205-004-862 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 5, 2022**
Seattle, Washington

Before: CLIFTON and BUMATAY, Circuit Judges, and CHEN,*** District Judge.

Gerardo Garcia-Castillo petitions for review from a Board of Immigration

Appeals' ("BIA") decision denying his application for cancellation of removal and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

denying his motion for a continuance. We review constitutional claims de novo, *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007), and denials of a motion for a continuance for abuse of discretion, *id.* at 923. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. The BIA did not violate Garcia-Castillo's due process rights by denying his application for cancellation of removal. Garcia-Castillo raises a due process claim based on the BIA's alleged failure to consider relevant evidence. And while this court has held that due process requires a review of "all relevant materials in the record," *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000), given the "general[] presum[ption] that the BIA thoroughly considers all relevant evidence in the record," *Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019), Garcia-Castillo faces a steep climb to establish that his due process rights were violated.

Garcia-Castillo fails to overcome the presumption that the BIA considered "all relevant evidence in the record." *Id.* First, Garcia-Castillo fails to identify any specific evidence *in the record* that the BIA failed to review. Second, Garcia-Castillo argues that the BIA violated due process by failing to consider "additional" evidence concerning hardship to his mother. But this "additional" evidence amounts to speculation about evidence that he could potentially uncover in the future. Due process entitles Garcia-Castillo to a review of "relevant materials in the record," *Larita-Martinez*, 220 F.3d at 1095, not an open-ended review of all potential

2

evidence, including speculative evidence outside the record. Thus, Garcia-Castillo's due process claim fails.

2. The immigration judge ("IJ") did not abuse his discretion in denying Garcia-Castillo's motion for a continuance. The record shows that the IJ adequately considered the relevant factors in denying Garcia-Castillo's motion. *See An Na Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012). First, the IJ explained that Garcia-Castillo had been in removal proceedings for seven years, giving him "ample time" to prepare his case and gather evidence. The IJ also noted that Garcia-Castillo's motion for a continuance was untimely and filed on the same day of the merits hearing. These observations go directly towards the reasonableness of Garcia-Castillo's conduct and the inconvenience to the court in granting the continuance. Second, the IJ explained that any potential evidence from Garcia-Castillo's mother would not have been material given that the IJ found Garcia-Castillo credible in testifying about the hardships his mother would face. Thus, the IJ also considered the "nature of the evidence" that was potentially excluded as a result of the denial. *Id.* Lastly, the IJ noted the previous continuances that had been granted in Garcia-Castillo's case. In doing so, the IJ directly considered the "number of continuances previously granted." *Id.* Given that the IJ's analysis addressed each of the relevant factors, the IJ did not abuse his discretion in denying Garcia-Castillo's motion for a continuance.

**DENIED.**