**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANTONIO ISRAEL MEJIA SILIEZAR, | No. 21-1401 |
| Petitioner, | Agency No. A206-190-867 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 27, 2023
San Francisco, California

Before: BOGGS, M. SMITH, and OWENS, Circuit Judges.**

Antonio Israel Mejia Siliezar ("Mejia"),[1] a native and citizen of El

Salvador, petitions for review of the Board of Immigration Appeals' ("BIA")

dismissal of his appeal from the Immigration Judge's ("IJ") denial of asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the
Court of Appeals, 6th Circuit, sitting by designation.

[1] Although Petitioner's name is misspelled as Mejia*s* throughout the record, his
name is properly spelled Mejia.

("CAT"). As the parties are familiar with the facts, we do not recount them here. We exercise jurisdiction under 8 U.S.C. § 1252 and deny the petition.

This court reviews only the BIA's decision except to the extent that the BIA expressly adopts the IJ's decision or relies on its reasoning. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). We review legal questions de novo. *Id.* And we review factual findings for substantial evidence; under this standard, factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. *Review of the record.* As an initial matter, Mejia failed to establish that the agency did not review the entire record. Where the agency "does not consider all the evidence before it, either by misstating the record or failing to mention highly probative or potentially dispositive evidence, its decision is legal error and cannot stand." *Id.* (quoting *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)) (cleaned up). However, the petitioner bears the burden of overcoming the presumption that the agency has reviewed all the evidence. *Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

Mejia failed to meet this burden. While the IJ's list of items in the record does not include the expert witness testimony, the IJ heard the expert testify on the same day that Mejia himself testified, and explicitly included the accompanying expert declaration in the list of exhibits. Nothing in the record suggests that the expert witness testimony and declaration were not considered

2

in substance, even if the former was omitted from a summary list.

2. *Asylum and withholding of removal.*  To establish that harm bears a nexus to a protected ground for the purposes of asylum, a petitioner must show that "race, religion, nationality, membership in a particular social group, or political opinion was or will be *at least one central reason*" for the alleged persecution.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)).  Withholding of removal requires only that one of those enumerated grounds was "*a reason*" for the persecution, 8 U.S.C. § 1231(b)(3)(C) (emphasis added), a "less demanding standard" than that for asylum, *Barajas-Romero*, 846 F.3d at 360.  Substantial evidence supports the BIA's conclusion that Mejia failed to establish, under either standard, that any harm he faced or fears was or would be on account of a protected ground.

The agency found that the gang members were not motivated by Mejia's membership in his proposed particular social groups but rather that their "*sole* motivation in this case was extortion and criminal activities."  Though Mejia presented some evidence of possible mixed motives, the agency disagreed, and the record does not compel the conclusion that the gang members Mejia fears were or would be motivated by anything beyond extortion.  *See Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A person]'s desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Further, substantial evidence supports the agency's finding that Mejia failed to show that he was or will be persecuted because of an actual or imputed political opinion. He contends that the gang members would impute an anti-gang political opinion to him due to his failure to pay the full amount demanded of him when he was extorted, the fact that he closed his business and later fled to the United States, or his relation to a deceased former mayor. But the record does not compel the conclusion that his persecutors knew of or would impute such a political opinion to him, let alone that he would be harmed on that basis. Thus, Mejia failed to establish nexus for asylum or withholding of removal.

3. *Convention Against Torture.* The agency properly denied CAT relief. Mejia bears the burden of showing that it is more likely than not that he would suffer future torture if removed to El Salvador. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1188 (9th Cir. 2020) (citing 8 C.F.R. §§ 1208.16(c)(2)-(3)). Substantial evidence supports a finding that Mejia failed to show a likelihood of harm rising to the level of torture because none of his past harm rose to this level and because he failed to show that he was or would be sought out for torture if removed to El Salvador. None of the evidence in the record, including expert testimony and general country conditions, compels the opposite conclusion.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**

4