NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO GARCIA-BAUTISTA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-3115 Agency No. A087-680-035 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2025**
Pasadena, California

Before: SCHROEDER, MILLER, and DESAI, Circuit Judges.

Sergio Garcia-Bautista, a native and citizen of Mexico, petitions for review
of a decision of the Board of Immigration Appeals dismissing his appeal from an
order of an immigration judge denying his application for cancellation of removal.
We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Although we generally lack jurisdiction to review "any judgment regarding the granting of" cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(i), we retain jurisdiction to review legal or constitutional questions, *id.* § 1252(a)(2)(D). Garcia-Bautista argues that the Board committed constitutional error because it deprived him of due process by failing to address relevant evidence. To provide constitutional due process, the Board must review all relevant evidence in the record. *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). But it need not "individually identify and discuss every piece of evidence." *Hernandez v. Garland,* 52 F.4th 757, 770 (9th Cir. 2022). "Only where there is some indication that the [Board] overlooked relevant evidence, including by 'misstating the record or failing to mention highly probative or potentially dispositive evidence,' do we question whether it properly considered the record." *Park v. Garland*, 72 F.4th 965, 979 (9th Cir. 2023) (quoting *Hernandez*, 52 F.4th at 770).

Here, no such indication exists. The Board stated that it "considered the testimony" of Garcia-Bautista and his wife, along with "all the evidence of record." It then concluded that the record "supports the Immigration Judge's determination that the negative factors outweigh the positive" and thus that "cancellation of removal is not warranted in the exercise of discretion." Although Garcia-Bautista identifies various pieces of evidence that might have supported a favorable exercise of discretion, none of them was so "highly probative or

potentially dispositive" as to require the Board's express discussion. *Park*, 72 F.4th at 979 (quoting *Hernandez*, 52 F.4th at 770).

Garcia-Bautista asserts that the Board erred in affirming the immigration judge's determination because the immigration judge did not consider all of the relevant evidence. But what the immigration judge considered is irrelevant because the Board reviewed her discretionary determinations de novo, *see* 8 C.F.R. § 1003.1(d)(3)(ii), and as we have already explained, it did not commit constitutional error in doing so.

To the extent that Garcia-Bautista challenges the Board's exercise of discretion, we lack jurisdiction because a "discretionary determination on whether or not to grant cancellation of removal in [a] particular case is not reviewable as a question of law." *Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024) (emphasis omitted).

**PETITION DENIED.**