**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO MENDOZA LUNA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 22-1273 <br><br> Agency No. <br> A213-086-341 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025[**]
Pasadena, California

Before: IKUTA, R. NELSON, and VANDYKE, Circuit Judges.

Roberto Mendoza Luna, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals (BIA) affirming the decision of

the immigration judge (IJ) denying his application for cancellation of removal. We

have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). Because the BIA adopted the

IJ's decision without opinion, the court reviews the IJ's order as if it were the

BIA's. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005). We deny the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review.

1. ***Due Process.*** Reviewing de novo, *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir. 2000), we conclude that the agency did not violate Mendoza Luna's due process rights by failing to consider all relevant evidence. We presume that the agency considered all relevant materials, and Mendoza Luna has not rebutted the presumption. *See id.* at 1095–96. "[I]f nothing in the record reveals that the agency did not consider all the evidence, a general statement that the agency considered all evidence before it shall suffice." *Cruz v. Bondi*, 146 F.4th 730, 739 (9th Cir. 2025). Here, the IJ stated he "considered the record of proceedings as a whole" and "weighed all the evidence." Mendoza Luna has not pointed to any evidence in the record ignored by the IJ that "was not just material, but 'highly probative or potentially dispositive.'" *Cruz*, 146 F.4th at 740 (quoting *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)).

2. ***Cancellation of Removal.*** Substantial evidence supports the agency's determination that the emotional and financial hardships to Mendoza Luna's children and father were not "substantially different from or beyond that which would normally be expected from the deportation of an alien with close family members" in the United States. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1008 (9th Cir. 2025). Therefore, the agency did not err in denying Mendoza Luna's application for cancellation of removal.

**PETITION DENIED.**